UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,

      -v-

ALEXANDER ASA-KWAPONG,

                Defendant

------------------------------------x

MEMORANDUM OPINION AND ORDER

13-cr-158-04 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Alexander Asa-Kwapong pleaded guilty to and was convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 641 (*i.e.*, Count Two) and aggravated identity theft under 18 U.S.C. § 1028A(a)(1) (*i.e.*, Count Three). (*See* Judgment in a Criminal Case, Dec. 12, 2013 ("Judgment"), (ECF No. 49).) This Court sentenced Defendant to a below guidelines 1-month term of imprisonment on Count Two.[1] (*Id.* at 2.) This Court sentenced Defendant to a mandatory consecutive sentence of 2 years' imprisonment on Count Three.[2,3] (*Id.*)

On January 19, 2016, Defendant filed a Sentencing Reduction Application asking this Court to reduce his term of imprisonment pursuant to Amendment 791 of the United States Sentencing Guidelines ("U.S.S.G."). (*See* Defendant's Sentencing Reduction Application, Jan. 19, 2016.) Defendant's request is denied.

---

[1] Based on Defendant's criminal history category and offense level, the recommended guideline range for Count Two was 8 to 14 months' imprisonment. (Presentence Investigation Report ("PSR"), Dec. 12, 2013, at 25.)

[2] Pursuant to 18 U.S.C. § 1028A(b)(2), the mandatory minimum sentence for the offense charged in Count Three is 2 years, to run consecutively to any other sentence imposed.

[3] Defendant was also ordered to pay $30,000 in restitution, as well as a $100.00 assessment. (Judgment at 3-4.)

1

## ANALYSIS

Amendment 791, effective as of November 1, 2015, amends U.S.S.G. §§ 2B1.1(b)(1)(C) and 2B1.1(b)(2)(A), which were used to calculate the offense level applicable to Count Two. At the time Defendant was sentenced, § 2B1.1 provided for a base offense level of 6. Subsection (b)(1)(C) provided that if the amount of the loss exceeded $10,000 but was no more than $30,000, the offense level shall be increased by 4. Because the loss attributed to Defendant's conduct was $30,000, Defendant received the 4-level enhancement. (*See* PSR at ¶¶ 36, 38, 49.) Additionally, § 2B1.1(b)(2)(A) provided that a defendant's base offense level shall be increased by 2 if the crime involved 10 or more victims. Because Defendant's offense involved 10 or more victims, he received this enhancement as well. (*Id.* at ¶ 50.) Thus, Defendant's adjusted offense level subtotal was 12 (*i.e.*, 6 plus 4 plus 2). (*Id.* at ¶ 54.) However, because Defendant demonstrated that he had accepted responsibility for his actions, his offense level subtotal was reduced by 2 levels, which resulted in a final adjusted offense level of 10. (*Id.* at ¶¶ 55-58.) Based on a total offense level of 10, and a criminal history category of II, Defendant's recommended guideline range on Count Two was 8 to 14 months' imprisonment. (*Id.* at 25.)

Defendant argues that his sentence should be reduced in light of Amendment 791. 18 U.S.C. § 3582(c)(2) sets forth the situations under which a district court may reduce an imposed term of imprisonment based on sentencing guideline amendments. Specifically, it provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau

> of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c) (Emphasis added).

One such policy statement issued by the Sentencing Commission is § 1B1.10 (titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). It provides, in relevant part, as follows:

> (2) . . . A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

Amendment 791 is not listed in subsection § 1B1.10(d), and therefore does not provide a basis on which this Court may reduce Defendant's sentence.[4] *See Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (holding that courts lack authority to reduce otherwise final sentences based on sentencing ranges that have subsequently been lowered by the Sentencing Commission pursuant to an amendment unless the Sentencing Commission also makes the application of the amendment retroactive). Additionally, even if Amendment 791 applied retroactively, Defendant would not be entitled to a sentence reduction because application of Amendment 791 would not affect the guideline range applicable to Defendant. *See* U.S.S.G. § 1B1.10(a)(2)(B).[5]

---

[4] U.S.S.G. § 1B1.10(d) provides the list of amendments that have retroactive effect.

[5] Even after application of Amendment 791, Defendant would still be subject to a base offense level of 6, a 4-level enhancement based on $30,000 of loss, and a 2-level enhancement based on the fact that there were 10 or more victims, which, when combined with Defendant's criminal history level, still yield a recommended guideline range on Count Two of 8 to 14 months' imprisonment.

3

In sum, Sentencing Guideline Amendment 791 is not retroactive, and even if it was, it would not affect Defendant's calculated sentencing guideline range.

## **CONCLUSION**

Defendant's Sentencing Reduction Application pursuant to Amendment 791 is DENIED.

Dated: June 22, 2016
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4